# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

RUSSELL E. LOVETT, et al.                                                    PLAINTIFFS

V.                                              CIVIL ACTION NO. 2:13-CV-84-KS-MTP

ALLSTATE INSURANCE COMPANY, et al.                                DEFENDANTS


### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Defendant Kent Henderson's Motion to Dismiss [2] and orders Defendants to show cause why this case should not be remanded to the Circuit Court of Pike County, Mississippi for lack of subject matter jurisdiction.

### A.    *Motion to Dismiss [2]*

Defendant Kent Henderson argues that he – an insurance agent – can not be liable for simple negligence in handling a claim. He is correct. "[A]n insurance adjuster, agent or other similar entity may not be held independently liable for simple negligence in connection [with] its work on a claim. Such an entity may be held independently liable for its work on a claim if and only if its acts amount to any one of the following familiar types of conduct: gross negligence, malice, or reckless disregard for the rights of the insured." *Gallagher Bassett Servs. v. Jeffcoat*, 887 So. 2d 777, 784 (Miss. 2004); *see also Jabour v. Life Ins. Co. of N. Am.*, 362 F. Supp. 2d 736, 740-41 (S.D. Miss. 2005).

But an insurance agent may be liable for negligence in performing his own

separate, independent duties. *Binh Van Nguyen v. Regions Bank*, 2010 U.S. Dist. LEXIS 129360, at *13 (S.D. Miss. Dec. 7, 2010). "An insurance agent must use that degree of diligence and care with reference thereto which a reasonably prudent person would exercise in the transaction of his own business." *Mladineo v. Schmidt*, 52 So. 3d 1154, 1162 (Miss. 2010). For example. if insurance agents offer advice to customers, "they have a duty to exercise reasonable care in doing so." *Id.* at 1163. Likewise, "if an insurance agent or broker with a view to being compensated agrees to procure insurance for another and through fault or neglect fails to do so, he will be liable for any damage that results thereby." *Id.* at 1164.

Plaintiffs alleged that Henderson failed to remit their premium payments to Defendant Allstate Insurance Company during the months of October 2009 and December 2009. Their allegations against him do not arise from the handling of a claim. In fact, it is not clear from the record that these allegations arise from any duty created by Plaintiff's contract with Allstate. Instead, Plaintiffs' Amended Complaint asserts a simple negligence claim arising from Henderson's failure to remit their premium payments to Allstate. Henderson has not cited any legal authority suggesting that his immunity from liability for simple negligence in claims handling should extend to these allegations.

### B. *Subject Matter Jurisdiction*

"[F]ederal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal

2

jurisdiction in any case where it has original jurisdiction. 28 U.S.C. § 1441(a). It has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and "of all civil matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . [c]itizens of different States . . . ." 28 U.S.C. § 1332(a).

Plaintiffs did not assert a federal claim, and the parties to this matter are not completely diverse, as Plaintiffs and Defendant Kent Henderson are citizens of Mississippi. Accordingly, the Court orders Defendants to show cause why the Court should not remand this case to the Circuit Court of Pike County, Mississippi. Defendants shall file their response within fourteen (14) days of the entry of this order.

SO ORDERED AND ADJUDGED this 5th day of June, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE